ORIGINAL

1  BRANCART & BRANCART
     Christopher Brancart (SBN 128475)
2    Liza Cristol-Deman (SBN 190516
     Post Office Box 686
3  Pescadero, CA 94060
     Tel:   (650) 879-0141
4  Fax:   (650) 879-1103
     cbrancart@brancart.com
5  lcristoldeman@brancart.com

6  Attorneys for Plaintiffs

7  # E-filing

8  ## UNITED STATES DISTRICT COURT

9  ## NORTHERN DISTRICT OF CALIFORNIA

10  SIGRID HAYES; L.H., B.H., and G.H.,      ) Case No. **07 2818**
      minors, by their Guardian ad Litem,    )
11  SIGRID HAYES; RAFAEL LEON-               ) **COMPLAINT FOR MONETARY,**
      FLORES; SARA LEON; A.L., A.M.L.,       ) **DECLARATORY, AND INJUNCTIVE**
12  and A.D.L., minors, by their             ) **RELIEF; DEMAND FOR TRIAL BY**
      Guardian ad Litem, RAFAEL LEON-        ) **JURY; CERTIFICATION OF**
13  FLORES,                                  ) **INTERESTED ENTITIES OR**
                                             ) **PERSONS**
14          Plaintiffs,                      )

15      vs.                                  )

16  JACK H. NEWELL, JR., in his              )
      capacity as Trustee of the BERNICE     )
17  NEWELL TRUST and the JACK H.             )
      NEWELL, SR. AND BERNICE                )
18  NEWELL TRUST, doing business as          )
      Salvador Mobile Estates; JACK H.       )
19  NEWELL, JR. and WALTER A.                )
      NEWELL, doing business as              )
20  Newell's Property Managers;              )
      MARTIN KRUGER; and,                    )
21  KATHERINE KRUGER ,                       )

22  _____ Defendants. _____             )

23                    ## I. INTRODUCTION

24      1.    This action seeks monetary, declaratory and injunctive relief against

25  defendants, the owners and managers of the Salvador Mobile Estates, a mobile home

26  park located in Napa, California, for discriminating against families with children in the

27  operation of the mobile home park based on familial status in violation of the federal

28  Fair Housing Act and related state laws.

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1

1

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGMENT

2    2.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section

3  1331 in that the claims alleged herein arise under the laws of the United States. This

4  Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and

5  determine plaintiffs' state law claims because those claims are related to plaintiffs'

6  federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state

7  law claims are related to plaintiffs' federal law claims such that those claims form part of

8  the same case or controversy under Article III of the United States Constitution.

9    3.    Pursuant to Local Rule 3-2, venue is proper in the San Francisco Division

10  because the claims alleged herein arose within Napa County, California.

11

## III. PARTIES

12    4.    Plaintiff Sigrid Hayes ("Ms. Hayes") is a resident of the Salvador Mobile

13  Estates in Napa, California. She resides with her three minor children, L.H., B.H., and

14  G.H.[1] Ms. Hayes and her three children (collectively referred to herein as "the Hayes

15  Family") have resided in the mobile home owned by Ms. Hayes, in a space rented from

16  the Salvador Mobile Estates, since 1996.

17    5.    Plaintiffs L.H., B.H., and G.H. are the minor children of Sigrid Hayes. L.H.

18  was born in 1991; B.H. was born in 1994, and G.H. was born in 1996. At all times

19  relevant herein, L.H., B.H., and G.H. resided with their mother at the Salvador Mobile

20  Estates. All three children are represented herein by their mother and guardian ad

21  litem, Sigrid Hayes.

22    6.    Plaintiffs Rafael Leon-Flores and Sara Leon are a married couple. They

23  are residents of the Salvador Mobile Estates in Napa, California. They reside with their

24  three minor children, A.L., A.M.L, and A.D.L. Mr. Leon-Flores, Ms. Leon, and their

25  three children (collectively referred to herein as "the Leon Family") have resided in the

26  mobile home they own, in a space rented from the Salvador Mobile Estates, since

27  1998.

28  _____

[1]The minor plaintiffs are identified herein only by their initials, pursuant to Local Rule 3-17.
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2

1     7.    Plaintiffs A.L., A.M.L., and A.D.L. are the minor children of Rafael Leon-

2 Flores and Sara Leon. A.L. was born in 1990; A.M.L. was born in 1993; and A.D.L. was

3 born in 1998. At all times relevant herein, A.L., A.M.L. and A.D.L. have resided with

4 their parents at the Salvador Mobile Estates. All three children are represented herein

5 by their father and guardian ad litem, Rafael Leon-Flores.

6     8.    The Salvador Mobile Estates is a mobile home park located in Napa,

7 California. The business address of the Salvador Mobile Estates is 4421 Solano

8 Avenue, Napa, California. Salvador Mobile Estates consists of approximately 136

9 mobile home spaces offered for rent to members of the general public. The spaces

10 offered for rent at Salvador Mobile Estates constitute dwellings and housing

11 accommodations within the meaning of the federal Fair Housing Act and related state

12 laws.

13     9.    Plaintiffs are informed and believe, and allege thereon, that the Salvador

14 Mobile Estates is owned and operated by multiple trusts. Public documents available

15 from the County of Napa Assessor and Recorder indicate that the owners include (1)

16 the Bernice Newell Trust, and (2) the Jack H. Newell Sr. and Bernice Newell Trust. The

17 trustees of both trusts are Bernice Newell, defendant Jack H. Newell Jr., and Frank

18 Klobas. Trustee Jack H. Newell, Jr. is named herein as a defendant. Plaintiffs reserve

19 the right to amend the complaint to name as defendants the remaining two trustees,

20 Bernice Newell and Frank Klobas, if warranted.

21     10.    Plaintiffs are informed and believe, and allege thereon, that other trusts

22 hold ownership interests in the Salvador Mobile Estates. Plaintiffs intend to amend the

23 complaint to name those trusts as defendants when their identities are ascertained.

24     11.    Plaintiffs are informed and believe, and allege thereon, that Salvador

25 Mobile Estates employs Newell's Property Management for the daily operation and

26 management of the mobile home park. Plaintiffs are informed and believe, and allege

27 thereon, that the owners of Newell's Property Management are defendant Walter A.

28 Newell and defendant Jack H. Newell, Jr.

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

3

1    12.    Defendant Martin Kruger and Defendant Katherine Kruger were employed
2    as the on-site managers of the Salvador Mobile Estates from approximately July 2005
3    until April 2007. Plaintiffs are informed and believe, and thereon allege, that Mr. Kruger
4    and Ms. Kruger continue to reside in California.

5    13.    Plaintiffs are informed and believe and thereon allege that, at all times
6    mentioned herein, each and every defendant is and was, in doing the things
7    complained of herein, the agent of its co-defendants herein and was acting within the
8    scope of said agency and/or representation, and that each and every defendant herein
9    is jointly and severally responsible and liable to plaintiffs for the damages hereinafter
10   alleged.

11                              **IV. FACTS**

12                          **A. INTRODUCTION**

13   14.    Defendants, acting individually or in concert, directly or through agents,
14   have engaged in a pattern or practice of discrimination against families with children,
15   including the plaintiffs, on account of familial status in the operation of the Salvador
16   Mobile Estates and Newell's Property Management. Defendants continue to engage in
17   such a pattern or practice of discrimination so as to constitute a continuing violation.

18   15.    Defendants' unlawful conduct includes commission of the following
19   discriminatory housing practices:

20        A.    Expressing to renters or any other person a preference for,
21   limitation on, or discrimination against any renter because of familial
22   status;

23        B.    Imposing different terms, conditions, or privileges, or denying or
24   limiting services or facilities in connection with the rental of a dwelling, because
25   of familial status;

26        C.    Harassing or creating a hostile environment for tenants with
27   children because of their familial status; and,

28        D.    Intimidating, threatening, or interfering with any person in the

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

4

1    exercise or enjoyment of, or on account of his having exercised or enjoyed, or on

2    account of his having aided or encouraged any other person in the exercise or

3    enjoyment of, any right granted or protected by the Fair Housing Act.

4    16.    In the alternative, defendants have negligently failed to hire, train,

5    supervise and discipline their agents and employees, and themselves in order to

6    conform the operation of the Salvador Mobile Estates and Newell's Property

7    Management to the standard of care for the industry.

8    **B. WRITTEN RESTRICTIONS ON CHILDREN AT SALVADOR MOBILE ESTATES**

9    17.    Defendants have published, promulgated, or enforced written rules and

10   regulations restricting the activities of children who live in or visit the Salvador Mobile

11   Estates . These rules include, but are not limited to:

12          A.    Only adults may use the swimming pool from 9 am to noon (posted

13                sign at pool);

14          B.    Anyone under the age of 18 must be accompanied by a parent or

15                guardian in the pool area (Rules and Regulations, Article 40M);

16          C.    There is a 10:00 p.m. curfew for all persons under the age of 18 in

17                all areas of the park, including common areas and park facilities,

18                without exceptions (Rules and Regulations, Article 9);

19          D.    "There is to be no throwing and bouncing of balls or similar objects

20                in the park except between the hours of 3:00 p.m. and 7:00 p.m. or

21                until sunset, whichever happens first (Rules and Regulations,

22                Article 16);

23          E.    "Children are to refrain from playing in the parking lots, streets,

24                recreation area, laundry room, or any areas designated 'Park

25                Personnel or Maintenance Only.' There is also to be no loitering in

26                the streets or in front of any homes. Adult residents are

27                responsible for the actions of their children and will be held

28                accountable for their children's actions." (Rules and Regulations,

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

5

1
2
3

Article 31).

F.     "No skateboarding, bicycle riding, rollerskating, rollerblading, ball playing" (sign posted at Salvador Mobile Estates).

4     18.    Defendants published, disseminated, or posted these rules and
5 regulations during the plaintiffs' tenancies. Plaintiffs are informed and believe, and
6 allege thereon, that these rules and regulations are still in effect and have never been
7 rescinded.

8     19.    Defendants have informed plaintiffs that violation of these rules may lead
9 to termination of plaintiffs' tenancies at Salvador Mobile Estates.

10                              **C. THE HAYES FAMILY**

11     20.    In or about 1996, Ms. Hayes' grandmother purchased a mobile home
12 located in the Salvador Mobile Estates as a gift for Sigrid Hayes and her three children.
13 Ms. Hayes' grandmother, who is now deceased, made arrangements with the previous
14 managers of the Salvador Mobile Estates for her Ms. Hayes and her children to rent a
15 space and move into the Salvador Mobile Estates. Ms. Hayes and her three children
16 moved in to their mobile home at the Salvador Mobile Estates in 1996.

17     21.    Or about July 2005, residents were notified of new on-site managers at
18 the Salvador Mobile Estates: Martin Kruger and Katherine "Kathy" Kruger ("the
19 Krugers"). The Krugers aggressively targeted children who played in the common
20 areas and created a hostile environment for families with children at the Salvador
21 Mobile Estates. For example, the Krugers outlawed ball-playing on the North Lawn
22 area of the Salvador Mobile Estates, which was previously the only location in the
23 mobile home park where ball-playing was permitted. The Krugers also prohibited Ms.
24 Hayes' children from using soft Nerf-type balls, which were previously the only kind of
25 ball permitted in the common areas.

26     22.    On one occasion, B.H. and G.H. were playing with a soft, Nerf-brand ball
27 on the North Lawn at the Salvador Mobile Estates. Mr. Kruger instructed the two
28 children that they could not play there and should play at the school yard across busy

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

6

1 Highway 29.

2      23.    On another occasion, Mr. Kruger informed L.H., B.H., and G.H. that they
3 are not allowed to ride their bikes anywhere at the Salvador Mobile Estates.

4      24.    On or about June 14, 2006, L.H., B.H. and G.H. were playing with a soft,
5 Nerf-brand ball on the North Lawn at the Salvador Mobile Estates. Mr. Kruger
6 approached them and yelled in a hostile tone, "Get off my lawn," or words to that effect.
7 The children were scared and intimidated by Mr. Kruger and left.

8      25.    On or about October 6, 2006, Martin Kruger came to Ms. Hayes' mobile
9 home and banged loudly on the side of the mobile home. Ms. Hayes peered outside to
10 find Mr. Kruger on her porch and opened the door. He came close to her and angrily
11 demanded to come inside and see her children. Ms. Hayes asked why. Mr. Kruger
12 stated that a child had been seen standing on top of a fire hydrant and yelling. Ms.
13 Hayes stated that her children had been at home with her. Ms. Hayes refused to permit
14 him to come inside. Mr. Kruger repeated that he needed to see her children. Mr.
15 Kruger was very close to Ms. Hayes and he would not leave. Ms. Hayes stepped back
16 to distance herself from Mr. Kruger. She called her children by name, who came
17 forward and stood before Mr. Kruger. Mr. Kruger then stepped inside Ms. Hayes'
18 mobile home without being invited or given consent to do so. Mr. Kruger looked at each
19 of them and asked each their name and age. After seeing each of the children, he
20 stated that none was involved in the incident. Ms. Hayes and each of her children felt
21 threatened, harassed, and traumatized by Mr. Kruger during this incident.

22      26.    On or about June 28, 2006, Ms. Hayes contacted Fair Housing of Napa
23 Valley ("FHNV") to complain of housing discrimination based on familial status at the
24 Salvador Mobile Estates. FHNV contacted the owners and managers of the Salvador
25 Mobile Estates in an attempt to educate them about the fair housing laws and conciliate
26 Ms. Hayes' complaint. Despite the efforts of FHNV and the training given to the owners
27 and managers, as described in more detail below, the discriminatory treatment of
28 families with children at the Salvador Mobile Estates continued.

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

7

1    27.    In or about October 2006, Ms. Hayes filed a complaint with the United
2  States Department of Housing and Urban Development ("HUD") alleging discrimination
3  based on familial status at the Salvador Mobile Estates. HUD referred Ms. Hayes'
4  complaint to the California Department of Fair Employment and Housing ("DFEH") for
5  investigation, where it is still pending.

6    28.    From approximately October 2005 until April 2007, Ms. Hayes' children
7  were so intimidated by the Krugers that they did not leave their mobile home to play
8  outside or have friends over to play at the Salvador Mobile Estates.

9    29.    In or about April 2007, the Krugers were replaced as the managers.

10                           **D. THE LEON FAMILY**

11    30.    The Krugers also have yelled at and harassed the Leon Family's children,
12  A.L., A.M.L., and A.D.L., when they play outside at the Salvador Mobile Estates.

13    31.    In the spring of 2005, Mr. Kruger told the Leon family that they could not
14  play with a soft, Nerf-type ball in the North Lawn area. His voice was loud and hostile.

15    32.    On several occasions in 2005 and 2006, the Krugers have yelled at the
16  three Leon children and other children playing in the area where the playground
17  equipment used to be. The Krugers have yelled "Get off the grass," and "go home," or
18  words to that effect.

19    33.    In or about June 2006, Sara Leon was supervising her three children and
20  her niece who were playing in the area where the playground used to be. Ms. Kruger
21  yelled at them, telling them to "shut up," and "go inside," or words to that effect. Ms.
22  Leon asked why they needed to leave. Ms. Kruger used profanity. She left the area
23  and returned a few minutes later with a camera. Ms. Kruger began snapping pictures of
24  the children playing. Ms. Leon jokingly posed for the camera. Ms. Kruger said, "Kiss
25  my ass," or words to that effect. Ms. Leon went inside her mobile home and asked her
26  son to call the police because Ms. Kruger was acting in a threatening manner. Napa
27  Police officers arrived. According to the police, they knocked on the Krugers' door but
28  no one answered.

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

8

1      34.    Within weeks of the incident in June 2006, the Krugers delivered three
2 different seven-day notices to the Leon family in retaliation for the incident. One notice
3 informed them that their child was unsupervised and was trying to enter the pool area
4 late in the evening, after the pool was closed. The Leons believe that the incident
5 described in the notice is either a fabrication or a mistake, since none of the Leon
6 children had been at the pool area on the date specified in the notice, and all three
7 children had been home all evening. The Leons also received two other written notices
8 in retaliation for the June incident – one pertaining to their own car parked on their
9 property, and one pertaining to a railing that Mr. Flores was in the process of repairing.
10 During the same period of time, a relative of the Leon Family parked her car in front of
11 the Leons' mobile home. While she was inside the mobile home, a tow truck came by
12 and began to hook up the car. The tow truck driver stated that the management had
13 ordered the car to be towed, but there was no sign or other indication that the place in
14 which she was parked was a no-parking zone. The Leons had to pay the tow truck
15 driver a "drop fee" of $85 to have the car unhooked from the tow truck.

16      35.    In or about the summer of 2006, A.L. was playing tag with some friends
17 on the North Lawn. Mr. Kruger yelled at the children to "shut up." He stated that he
18 could call the police on them. A.L. asked Mr. Kruger why he would call the police since
19 they were not doing anything wrong. Mr. Kruger again threatened to call the police and
20 ordered all the children to leave. The children complied and returned to their mobile
21 homes.

22      36.    These incidents and others, combined with the written rules described
23 above, have caused A.L., A.M.L., and A.D.L., to fear playing anywhere at the Salvador
24 Mobile Estates outside their mobile home. The children stopped playing outside
25 because of the overly restrictive rules and harassment by the Krugers.

26      37.    On or about July 12, 2006, Mr. Leon-Flores and Ms. Leon contacted
27 FHNV to complain of housing discrimination based on familial status at the Salvador
28 Mobile Estates. FHNV contacted the owners and managers of the Salvador Mobile

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

9

1  Estates in an attempt to educate them about the fair housing laws and conciliate Ms.
2  Hayes' complaint. Despite the efforts of FHNV and the training given to the owners and
3  managers, as described in more detail below, the discriminatory treatment of families
4  with children at the Salvador Mobile Estates continued.

5       38.    In or about December 2006, Ms. Leon and Mr. Leon-Flores filed a
6  complaint with the United States Department of Housing and Urban Development
7  ("HUD") alleging discrimination based on familial status at the Salvador Mobile Estates.
8  HUD referred Ms. Hayes' complaint to the California Department of Fair Employment
9  and Housing ("DFEH") for investigation, where it is still pending.

10              **E. THE INVOLVEMENT OF FAIR HOUSING NAPA VALLEY**

11      39.    Both before and after receiving complaints of discrimination at the
12  Salvador Mobile Estates, FHNV has attempted to educate defendants about their
13  obligations under the fair housing laws and encourage them to comply with those laws.

14      40.    On or about October 27, 2005, FHNV staff attended a meeting of the
15  Napa Mobile Home Park Owners Association. During the meeting, FHNV staff gave a
16  presentation regarding the fair housing laws. Martin Kruger and Katherine Kruger
17  attended that meeting.

18      41.    On November 29, 2005, FHNV staff attended a meeting of the Salvador
19  Mobile Estates Residents Association. Many residents expressed dissatisfaction with
20  the Krugers' management, including the Kruger's mistreatment of families with children.
21  Martin and Katherine Kruger declined to attend that meeting.

22      42.    Between November 2005 and February 2006, FHNV's executive director,
23  Kathryn Winter, had approximately two phone conversations with defendant Jack
24  Newell, Jr. to inform him of the complaints made by residents of the Salvador Mobile
25  Estates. Mr. Newell stated that he wanted the managers, Martin and Katherine Kruger,
26  to have the opportunity to respond to those complaints. Mr. Newell asked Ms. Winter to
27  attend a meeting with the Krugers to discuss the complaints. Ms. Winter agreed.

28      43.    On or about February 22, 2006, Ms. Winter met with Mr. Newell and the

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1   Krugers. Ms. Winter outlined the complaints FHNV had received from residents. Ms.
2   Kruger reacted with hostility and repeatedly interrupted Ms. Winter. The Krugers
3   denied discriminating based on familial status and did not agree to modify any rules,
4   policies or procedures relating to residents with children.

5       44.     On or about April 20, 2006, FHNV held a training session entitled Fair
6   Housing 101 for Mobile Home Park Managers. At the training session, FHNV staff
7   emphasized topics related to familial status discrimination, including different terms and
8   conditions, overly restrictive rules, and hostile environment based on familial status.
9   Mr. Kruger and Ms. Kruger attended the training session. After the training session,
10  defendants continued to engage in discriminatory housing practices based on the
11  familial status of residents at the Salvador Mobile Estates.

12      45.     At a meeting of the Napa Mobile Home Park Owners Association in April
13  27, 2006 , FHNV staff gave a presentation regarding familial status discrimination under
14  the fair housing laws. Martin Kruger and Katherine Kruger attended that meeting. After
15  the presentation, defendants continued to engage in discriminatory housing practices
16  based on the familial status of residents at the Salvador Mobile Estates.

17      46.     On or about July 27, 2006, FHNV staff attended another meeting of the
18  Salvador Mobile Estates Residents Association. Residents expressed concern about
19  overly restrictive rules pertaining to children, the removal of the playground equipment,
20  and other things. Martin and Kathy Kruger were both in attendance. Ms. Kruger openly
21  expressed hostility at some of the residents' comments. After the meeting, defendants
22  continued to engage in discriminatory housing practices based on the familial status of
23  residents at the Salvador Mobile Estates.

24      47.     FHNV's executive director and other staff members also had numerous
25  conversations by phone and in person with defendants regarding the allegations of
26  discrimination and defendants' obligations under the fair housing laws. Defendants
27  have denied any wrongdoing and became angry when FHNV assisted plaintiffs with
28  filing complaints at HUD. Despite FHNV's efforts, defendants have continued to

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1 | engage in discriminatory housing practices based on the familial status of residents at
2 | the Salvador Mobile Estates.

3 |
## V. INJURIES

4 |     48.    Defendants have made statements, promulgated and enforced rules,
5 | regulations, and policies and created or maintained a hostile environment for the
6 | purpose or with the effect of discriminating against families with children at the Salvador
7 | Mobile Estates.  Defendants continue to engage in such a pattern or practice of
8 | discrimination so as to constitute a continuing violation.

9 |     49.    By reason of defendants' unlawful acts and practices, plaintiffs have
10 | suffered loss of an important housing opportunity, economic damages, violation of their
11 | civil rights, emotional and physical distress, humiliation and mental anguish, including
12 | bodily injury such as headaches, stomachaches and loss of sleep, breach of the
13 | covenant of quiet enjoyment of their dwellings, and invasion of the private right of
14 | occupancy.  Plaintiffs, therefore, are entitled to compensatory damages.

15 |     50.    In doing the acts of which plaintiffs complain, defendants and their agents
16 | and employees acted with reckless disregard for plaintiffs' civil rights.  Accordingly, all
17 | plaintiffs are entitled to punitive damages.

18 |     51.    There now exists an actual controversy between the parties regarding
19 | defendants' duties under the federal and state fair housing laws.  Accordingly, all
20 | plaintiffs are entitled to declaratory relief.

21 |     52.    Unless enjoined, defendants will continue to engage in the unlawful acts
22 | and the pattern or practice of discrimination described above.  Plaintiffs have no
23 | adequate remedy at law.  Plaintiffs are now suffering, and will continue to suffer,
24 | irreparable injury from defendants' acts and pattern or practice of discrimination based
25 | on familial status unless relief is provided by this Court.  Accordingly, all plaintiffs are
26 | entitled to injunctive relief.

27 | ///

28 | ///

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1

## VI. CLAIMS

2

### A. FIRST CLAIM

3

### [Fair Housing Act]

4      53.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52

5    of the complaint herein.

6      54.    Defendants have injured plaintiffs by committing discriminatory housing

7    practices in violation of the federal Fair Housing Act, 42 U.S.C. section 3601 et seq.

8

### B. SECOND CLAIM

9

### [California Fair Employment and Housing Act]

10     55.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52

11   of the complaint herein.

12     56.    Defendants have injured plaintiffs by committing discriminatory housing

13   practices in violation of the California Fair Employment and Housing Act, California

14   Government Code section 12955, et seq.

15

### C. THIRD CLAIM

16

### [California Unruh Civil Rights Act]

17     57.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52

18   of the complaint herein.

19     58.    Defendants injured plaintiffs by committing unlawful practices in

20   violation of the Unruh Civil Rights Act, California Civil Code section 51, et seq.

21

### D. FOURTH CLAIM

22

### [Unfair Business Practices]

23     59.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52

24   of the complaint herein.

25     60.    In acting as herein alleged, defendants have engaged in a pattern or

26   practice of unlawful discrimination in the operation of the Salvador Mobile Estates and

27   Newell's Property Managers, each of which is a business establishment, and therefore

28   have engaged in acts of unfair competition as the same is defined in section 17200 of

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1 | the Business & Professions Code.

2    61.    In bringing this action for relief, plaintiffs are acting in the interest of
3 themselves and the general public pursuant to the California Business and Professions
4 Code section 17204.

## E. FIFTH CAUSE OF ACTION

### [Breach of the Implied Covenant of Quiet Use and Enjoyment]

7    62.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52 of
8 the complaint herein.

9    63.    Plaintiffs had and have an implied right to the quiet use, enjoyment and
10 possession of their mobile homes at the Salvador Mobile Estates.

11    64.    Defendants owed a duty under Civil Code sections 1927 and 798.26(a) to
12 secure to each plaintiff the quiet use and enjoyment of their dwellings, which included
13 preventing sustained and substantial interference with the plaintiffs' use and enjoyment of
14 their dwellings and the amenities at the Salvador Mobile Estates.  By engaging in the
15 unlawful conduct alleged herein, including but not limited to limiting children's use of the
16 rental premises and entering Ms. Hayes' mobile home without her consent, defendants
17 have breached the implied covenant of quiet use and enjoyment.

18    65.    Defendants knew or should have known that plaintiffs would suffer anxiety
19 or hardship as a result of defendants' breach of that covenant.

20    66.    As a result of defendant's actions, plaintiffs lost valuable property interests
21 in the safe and quiet enjoyment of their homes and their children's well-being.

22    67.    As a result of defendants' breach of the covenant of quiet enjoyment,
23 plaintiffs have suffered injuries as alleged herein and are entitled to damages in an amount
24 according to proof.

## F. SIXTH CAUSE OF ACTION

### [Harassment]

27    68.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52 of
28 the complaint herein.

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

14

1    69.    Defendants Martin Kruger and Katherine Kruger engaged in acts directed
2  at plaintiffs which seriously alarmed, annoyed and harassed plaintiff and which served no
3  legitimate purpose.

4    70.    Defendants course of conduct would have caused any reasonably person to
5  suffer substantial emotional distress.

6    71.    Plaintiffs suffer and continue to suffer substantial emotional distress because
7  of defendants' actions as set forth above.

8    72.    Defendants did the acts alleged herein maliciously, fraudulently, and
9  oppressively, and with the wrongful intention of hurting plaintiffs, and with an improper and
10  evil motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages
11  in an amount according to proof.

12    **G. SEVENTH CAUSE OF ACTION**

13    **[Negligence]**

14    73.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52 of
15  the complaint herein.

16    74.    Defendants owed plaintiffs a duty to operate the Salvador Mobile Estates and
17  Newell's Property Management in a manner that was free from unlawful discrimination and
18  in accordance with the standards of care for the industry. Defendants negligently violated
19  that duty. Defendants' breach of that duty was the result of negligence, including but not
20  limited to:

21         A.    Defendants' negligent failure to train their employees and
22    themselves regarding the requirements of state and federal fair housing
23    laws;

24         B.    Defendants' negligent failure to hire persons who were familiar
25    with the requirements of state and federal fair housing laws;

26         C.    Defendants' negligent failure to supervise their employees
27    regarding compliance with the requirements of state and federal fair housing
28    laws;

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

15

1    D.    Defendants' negligent failure to discipline or terminate
2    employees who failed to comply with the requirements of state and federal
3    fair housing laws; and,
4    E.    Defendants' negligent failure to operate the Salvador Mobile
5    Estates in accordance with the standard of care of the industry.

## H. EIGHTH CAUSE OF ACTION

### [Wrongful Entry]

### Hayes Family only v. Martin Kruger only

9    75.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52
10   of the complaint herein.

11   76.    In doing the acts herein alleged, defendant Martin Kruger violated Civil
12   Code section 1954 by entering the Hayes' dwelling without consent and without lawful
13   justification.

14   77.    As a result of defendant's wrongful entry in violation of Civil Code section
15   1954, Sigrid Hayes, L.H., B.H., and G.H. suffered injuries as alleged herein and are
16   entitled to damages in an amount according to proof.

## I. NINTH CAUSE OF ACTION

### [Trespass]

### Hayes Family only v. Martin Kruger only

20   78.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52
21   of the complaint herein.

22   79.    Defendant Martin Kruger injured plaintiffs Sigrid Hayes, L.H., B.H., and
23   G.H. when he intentionally, recklessly, or negligently entered the mobile home owned
24   by Ms. Hayes without the consent of the plaintiffs.

25   80.    As a result of defendant's trespass, Sigrid Hayes, L.H., B.H., and G.H.
26   suffered injuries as alleged herein and are entitled to damages in an amount according
27   to proof.

28   ///

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

16

...

1                                    **VII. RELIEF**

2          Wherefore, plaintiffs pray for entry of judgment against defendants that:

3          1.        Awards compensatory, statutory and punitive damages according to

4 proof;

5          2.        Declares that defendants have violated the provisions of the applicable

6 federal and state fair housing laws;

7          3.        Enjoins all unlawful practices complained about herein and imposes

8 affirmative injunctive relief requiring defendants, their partners, agents, employees,

9 assignees, and all persons acting in concert or participating with them, to take

10 affirmative action to provide equal housing opportunities to all tenants and prospective

11 tenants regardless of familial status;

12          4.        Awards costs of this action, including reasonable attorneys' fees; and,

13          5.        Awards all such other relief as the Court deems just.

14          Dated: May 28, 2007.

15                                Respectfully submitted,

16                                BRANCART & BRANCART

17

18                                Liza Cristol-Deman
                               Attorneys for Plaintiffs

19                             **VIII. JURY DEMAND**

20          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby

21 request a trial by jury.

22          Dated: May 28, 2007.

23                                Respectfully submitted,

24                                BRANCART & BRANCART

25

26                                Liza Cristol-Deman

27                                Attorneys for Plaintiffs

28 ///

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

17

1    **IX. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other

3    than the named parties, there is no such interest to report.

4    Dated: May 28, 2007.

5                                    Respectfully submitted,

6                                    BRANCART & BRANCART

7

8                                    Liza Cristol-Deman

9                                    Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**