1  ANTHONY C. RODRIGUEZ (State Bar No. 122479)
   LAW OFFICE OF ANTHONY C. RODRIGUEZ
2  1425 LEIMERT BOULEVARD, SUITE 101
   OAKLAND, CALIFORNIA  94602
3  Telephone:  (510) 336-1536
   Facsimile:  (510) 336-1537
4  email: arodesq@pacbell.net

5

6  Attorney for Defendants Jack H. Newell, Jr.,
   in his capacity as Trustee of the Bernice Newell
7  Trust and the Jack H. Newell, Sr. and Bernice
   Newell Trust, doing business as Salvador Mobile
   Estates; Jack H. Newell, Jr. and Walter A. Newell,
8  doing business as Newell's Property Management;
   Martin Kruger and Katherine Kruger
9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  Sigrid Hayes; L.H., B.H., and G.H.,     )   Case No.  C 07 2818 SBA
    minors, by their Guardian ad Litem,     )
14  Sigrid Hayes; Rafael Leon-Flores;       )
    Sara Leon; A.L., A.M.L., and A.D.L.,    )   ANSWER TO COMPLAINT FOR
15  minors, by their Guardian ad Litem,     )   MONETARY, DECLARATORY
    Rafael Leon-Flores,                     )   AND INJUNCTIVE RELIEF;
16                                          )   DEMAND FOR TRIAL BY
                                            )   JURY; CERTIFICATION OF
17              Plaintiffs,                 )   INTERESTED PARTIES OR
                                            )   PERSONS
18  vs.                                     )
                                            )
19  Jack H. Newell, Jr., in his capacity as )
    trustee of the Bernice Newell Trust     )
20  and the Jack H. Newell, Sr. and Bernice )
    Newell Trust, doing business as         )
21  Salvador Mobile Estates; Jack H.        )
    Newell, Jr. and Walter A. Newell,       )
22  doing business as Newell's Property     )
    Management; Martin Kruger and           )
23  Katherine Kruger,                       )
                                            )
24              Defendants.                 )
                                            )
25  _____)

26

27

28
    ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR
    TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS      Case No. C 07 2818
                                      - 1 -

1    Defendants Jack H. Newell, Jr., in his capacity as Trustee of the Bernice Newell

2    Trust and the Jack H. Newell, Sr. and Bernice Newell Trust, doing business as

3    Salvador Mobile Estates, Jack H. Newell, Jr. and Walter A. Newell, doing business

4    as Newell's Property Management, Martin Kruger and Katherine Kruger answer the

5    complaint on file herein as follows:

6    ## I. INTRODUCTION

7    1.    The Defendants admit that the action seeks the relief set forth in the

8    Complaint.  The Defendants deny that they have discriminated against families with

9    children in the operation of the mobilehome park based on familial status in violation

10   of the federal Fair Housing Act and/or any related state laws.  To the contrary, more

11   than fifty families with children have been approved for tenancy at Salvador Mobile

12   Estates.  Moreover, as is apparent from the face of the Plaintiffs' complaint, the rules

13   the Plaintiffs are complaining about apply equally to families with children at the park,

14   as well as children that are guests of "adult only" households at the park.

15   ## II. JURISDICTION, VENUE AND INTRA DISTRICT ASSIGNMENT

16   2.    The Defendants admit that this Court has jurisdiction with respect to the

17   allegations in the complaint.

18   3.    The Defendants admit that venue is proper in San Francisco and/or in

19   Oakland.

20   ## III. PARTIES

21   4.    The Defendants admit that Plaintiff Sigrid Hayes is a resident of

22   Salvador Mobile Estates.  The Defendants are informed and believe that she lives at

23   the park with her three minor children and that she has resided in a mobilehome at the

24   park in a space rented from the parkowners since in or about 1996.

25   5.    The Defendants are informed and believe that Plaintiff Sigrid Hayes has

26   three children.  The Defendants are without sufficient information as to the names and

27

28

1  birth dates of those three children, whether they have resided at the park at all relevant

2  times and whether their mother is their guardian ad litem and on that basis deny said

3  allegation.

4      6.    The Defendants admit that Plaintiffs Rafael Leon-Flores and Sara Leon

5  are residents at the park . The Defendants are informed and believe that said Plaintiffs

6  live at the park with three children and that they have resided in a mobilehome on a

7  space rented from the parkowners since in or about the year 2000. The Defendants are

8  without sufficient information as to the names and birth dates of those three children,

9  whether they have resided at the park at all relevant times and whether they own the

10  mobilehome they live in, and on that basis deny the remaining allegations in paragraph

11  6 of the complaint.

12      7.    The Defendants are without sufficient information as to the names and

13  birth dates of those three children, whether they have resided at the park at all relevant

14  times and whether Rafael Leon-Flores is their guardian ad litem, and on that basis

15  deny the remaining allegations in said paragraph of the complaint.

16      8.    The Defendants admit that Salvador Mobile Estates is a mobilehome

17  park in Napa, California, that its business address is at 4421 Solano Avenue and that

18  it consists of approximately 136 mobilehome spaces, most of which are rented or

19  offered to rent to qualified residents and/or prospective residents. The Defendants are

20  without sufficient information to determine whether the spaces offered for rent at

21  Salvador Mobile Estates constitute dwellings and/or housing accommodations within

22  the meaning of the federal Fair Housing Act and related state laws and on that basis

23  deny said allegation.

24      9.    The Defendants admit that multiple trusts have an interest in Salvador

25  Mobile Estates, including the Bernice Newell Trust and the Jack H. Newell Sr. and

26  Bernice Newell Trust, although the exact nature of those interests is uncertain due to

27

28

ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR
TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS        Case No. C 07 2818

1  the deaths of Jack H. Newell Sr. and Bernice Newell.  The Defendants admit that Jack

2  H. Newell Jr. is a trustee with respect to at least a part of those two trusts.

3       10.     The Defendants admit that other trusts may have an interest in Salvador

4  Mobile Estates, although the exact nature of those interests is uncertain due to the

5  deaths of Jack H. Newell Sr. and Bernice Newell.

6       11.     The Defendants admit that Newell Property Management provides

7  management services with respect to the operation of Salvador Mobile Estates.  The

8  Defendants admit that Jack H. Newell, Jr. and Walter A. Newell have an interest in

9  Newell Property Management.

10       12.     Defendants admit that Martin Kruger and Katherine Kruger had on site

11  Management responsibilities with respect to Salvador Mobile Estates from

12  approximately May of 2005 through March of 2007.  The Defendants admit that

13  Martin Kruger and Katherine Kruger reside in California as of the date of this answer.

14       13.     The Defendants deny the allegations in paragraph 13 of the complaint,

15  specifically including the allegation that at all times mentioned in the complaint each

16  of the Defendants was an agent of each of the other Defendants and/or at all times was

17  acting within the scope of said agency.

18                IV. FACTS

19              A. INTRODUCTION

20       14.     The Defendants deny the allegations in paragraph 14 of the complaint,

21  including the allegation that they have discriminated against families with children

22  and/or on the basis of familial status.

23       15.     The Defendants deny the allegations in paragraph 15 of the complaint,

24  including the allegation that they have discriminated against families with children

25  and/or on the basis of familial status.

26       16.     The Defendants deny the allegations in paragraph 16 of the complaint,

27

28

ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR
TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS    Case No. C 07 2818

1  including the allegation that they have negligently hired, trained, supervised or

2  disciplined their agents or employees, or themselves, in a manner that is inconsistent

3  with the standard of care in the industry.

B.  WRITTEN RESTRICTIONS ON CHILDREN

AT SALVADOR MOBILE ESTATES

6      17.    The Defendants contend that the federal Fair Housing Act does not

7  require that persons 17 years of age or under be treated the same as persons 18 years

8  of age and over.  The Defendants also contend that many laws recognize that persons

9  17 years of age and under do not have the same physical, mental or emotional capacity

10 as persons 18 years of age and over, including laws regarding the ability to enter into

11 contracts.  The Defendants also contend that adult parents or guardians may be

12 responsible for personal injury and property damage committed by the minor children

13 in their care and that some parents and guardians are in favor of policies where minor

14 children are not allowed unrestricted and unsupervised access to the common area

15 facilities and amenities.  Accordingly, the Defendants admit that they have published,

16 promulgated and enforced written rules that distinguish between persons 17 years of

17 age and under and person age 18 years of age or over.  The Defendants also admit that

18 the rules the Plaintiffs are complaining about apply equally to families with children

19 at the park, as well as children that are guests of "adult only" households at the park.

20 The Defendants deny that each of the rules set forth in paragraph 17 of the Plaintiffs'

21 complaint were consented to by the adult Plaintiffs and/or were a part of the adult

22 Plaintiffs' rental agreements.

23      18.    The Defendants admit that they have published, promulgated and/or

24 enforced written rules that distinguish between persons 17 years of age and under and

25 persons age 18 years of age or over during the term of the tenancies of Plaintiffs'

26 Sigrid Hayes, Rafael Leon and Sara Leon.  Although those Plaintiffs that are 17 years

27

28

1  of age and under may have "resided" at the park, the Defendants do not admit that

2  those Plaintiffs had "tenancies," because minors do not have the legal capacity to enter

3  into a rental agreement under California law.

4       19.    The Defendants admit that the violation of any reasonable rule and

5  regulation may lead to the termination of a tenancy under California law. The

6  Defendants have not terminated, or attempted to terminate the tenancies of Plaintiffs'

7  Sigrid Hayes, Rafael Leon or Sara Leon, based on the violation of the rules set forth

8  in the Plaintiffs' complaint.

9  ## C.  THE HAYES FAMILY

10       20.    The Defendants are without information and belief as to whether Ms.

11  Hayes purchased a mobilehome as a gift for Sigrid Hayes and her three children.

12  Although the Defendants admit that Sigrid Hayes rented a space and moved into the

13  park in or about 1996, the Defendants deny that the minor Plaintiffs rented a space at

14  the park.

15       21.    The Defendants admit that the Krugers became managers at the park in

16  or about May of 2005. The Defendants deny that the Krugers aggressively targeted

17  children who played in the common areas and/or created a hostile environment for

18  families with children. Because numerous tenants had complained about "hard balls"

19  hitting them and/or their property, the Defendants did not allow the use of "hard balls"

20  in the common areas of the park. However, the Defendants did allow the use of "nerf

21  balls" in certain common areas of the park, including the North Lawn.

22       22.    The Defendants admit that minor children at the park played with "nerf

23  balls" in the common area of the park, including the North Lawn. The Defendants

24  deny that Mr. Kruger instructed B.H. and/or G.H. that they could not play "nerf ball"

25  in the common area lawn.

26       23.    The Defendants deny that Mr. Kruger informed L.H., B.H. and G.H.

27

28

ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR
TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS    Case No. C 07 2818

1   that they could not ride their bicycles anywhere in the park.

2        24.    The Defendants admit that minor children at the park played with "nerf balls" in the common area of the park, including the North Lawn. The Defendants deny that Mr. Kruger yelled in a hostile tone at L.H., B.H. and/or G.H. or told them to "get off my lawn," or words to that effect. The Defendants are without sufficient information to determine whether the minor children were scared and/or intimidated by Mr. Kruger, and on that basis deny said allegation.

        25.    The Defendants deny that Mr. Kruger banged on the side of the Hayes mobilehome on October 6, 2006, or at any other time. The Defendants admit that on or about October 6, 2006, Mr. and Mrs. Kruger came to the Hayes mobilehome because they were concerned about the health and safety of a young child that had been standing and screaming on a fire hydrant. At that time Ms. Hayes invited Mr. and Mrs. Kruger into her mobilehome and introduced her children to Mr. and Mrs. Kruger. The Krugers determined that the child they were concerned about was not one of the Hayes children. The Defendants deny all other material allegations in paragraph 25 of the Plaintiffs' complaint.

        26.    The Defendants are without sufficient information as to whether Ms. Hayes contacted Napa Valley Fair Housing on June 28, 2006. The Defendants admit discussing fair housing issues with Fair Housing of Napa Valley from time to time. The Defendants deny discriminating against families with children in violation of the federal Fair Housing Act, or any other law.

        27.    The Defendants are without sufficient information regarding the allegations in paragraph 27 of the Plaintiffs' complaint, and on that basis deny said allegations.

        28.    The Defendants contend that the Hayes children played with other children and pets at the park, including in the common area of the park. The

ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS    Case No. C 07 2818

- 7 -

Defendants are without sufficient information regarding the remaining allegations in paragraph 28 of the Plaintiffs' complaint, and on that basis deny said allegations.

29.     The Defendants admit that in or about March of 2007 the Krugers ceased managing the park.

## D.  THE LEON FAMILY

30.      The Defendants deny that Mr. and Mrs. Kruger yelled at or harassed the Leon children or the Hayes children at any time, including when they played outside at the park.

31.     The Defendants deny that Mr. Kruger told the Leon children that they could not play with a "nerf ball" in the North Lawn area.  The Defendants deny that Mr. Kruger used a loud and hostile voice when speaking with the Leon children.

32.     The Defendants admit that Mr. and/or Mrs. Kruger may have instructed minor children to go home when they were left unsupervised in the common area late at night.   The Defendants deny the remaining allegations in paragraph 32 of the Plaintiffs' complaint.

33.     The Defendants are informed and believe that in or about June of 2006, Mr. Leon and/or his guests were drinking excessively and one of his guests had parked a car in the street, in violation of the park's rules and regulations.  At or about that time, a tow truck apparently attempted to tow the improperly parked vehicle from the park.  At or about that same time, Mrs. Leon and/or Mr. Leon's guests approached Mr. and Mrs. Kruger's home in a loud and threatening manner, apparently to complain about the vehicle that was being towed.  Mrs. Kruger admits that she took her camera out to document the situation after being harassed by Mrs. Leon and/or her drunken guests.  The situation had nothing to do with children or families with children, other than it provided another example of Mr. Leon and/or his guests drinking to excess in the presence of his children.  The Defendants are without sufficient information as to

1   whether the Plaintiffs called the police regarding that incident or whether the police

2   knocked on the Krugers door, and on that basis deny said allegation.  The Defendants

3   deny all other allegations in paragraph 33 of the Plaintiffs' complaint.

4          34.    The Defendants deny retaliating against any of the Plaintiffs at any time,

5   including the Leon family in or after June of 2006.  The Defendants admit that one or

6   more of the Leon children were left unattended and unsupervised in or about the pool

7   area after it was closed.  The Defendants also admit that Mr. and Mrs. Leon were

8   provided notices with respect to violations of the rules regarding improper parking of

9   vehicles and regarding the improper maintenance of their mobilehome.   The

10  Defendants deny requesting a tow truck company to tow a vehicle from the front of

11  Mr. and Mrs. Leon's mobilehome.  The Defendants are informed and believed that

12  a tow truck company began to tow a vehicle that was improperly parked in front of Mr.

13  and Mrs. Leon's home in June of 2006, while Mr. Leon and his guests were drinking

14  excessively.   The Defendants deny all other allegations in paragraph 34 of the

15  Plaintiffs' complaint. The Defendants are without sufficient information as to whether

16  Mr. and Mrs. Leon paid $85 to have the improperly parked vehicle unhooked from the

17  tow truck.

18         35.    The Defendants are without sufficient information to know whether A.J.

19  was playing tag with friends on the North Lawn in the summer of 2006.   The

20  Defendants deny all other allegations in paragraph 35 of the Plaintiffs' complaint,

21  including the allegation that Mr. Kruger yelled at A.J. and his friends or told them he

22  was going to call the police on them.

23         36.    The Leon children routinely played in the common area of the park.  The

24  Defendants are without sufficient information as to whether A.L. , A.M.L., or A.D.L.

25  stopped playing outside at the park for some period of time or what their reasons may

26  have been.  The Defendants deny that the Krugers harassed A.L. , A.M.L., or A.D.L.,

27

28

1    or any other children at the park.

2        37.    The Defendants are without sufficient information as to when Mr. and

3    Mrs. Leon may have contacted FHNV or what their reasons may have been. The

4    Defendants admit that they had contact with FHNV regarding various residents at the

5    park, including Mr. and Mrs. Leon. The Defendants deny that they discriminated

6    against families with children in violation of the federal Fair Housing Act, or any other

7    law.

8        38.    The Defendants are without sufficient information as to the allegations

9    in paragraph 38 of the Plaintiffs' complaint and on that basis deny said allegations.

10        E.  THE INVOLVEMENT OF FAIR HOUSING OF NAPA VALLEY

11        39.    The Defendants admit that one or more of the Defendants have had

12    communication with FHNV regarding fair housing laws. The Defendants are without

13    sufficient information as to the remaining allegations in paragraph 39 of the Plaintiffs

14    complaint and on that basis deny said allegations.

15        40.    The Defendants admit that Mr. and Mrs. Kruger attended one or more

16    meetings where representatives of FHNV were present and where one or more fair

17    housing laws were discussed.

18        41.    The Defendants are without sufficient information as to the allegations

19    in paragraph 41 of the Plaintiffs' complaint, and on that basis deny said allegations.

20    The Defendants received many more positive than negative comments regarding the

21    Krugers' management of the park.

22        42.    The Defendants admit that Jack Newell Jr. had one or more telephone

23    conversations with FHNV to discuss issues raised by one or more residents at the park

24    and that Jack Newell Jr. believed that the managers should have an opportunity to

25    respond with respect to those issues. The Defendants are without sufficient

26    information as to the remaining allegations in paragraph 42 of the Plaintiffs'

27

28

1    complaint, and on that basis deny said allegations.

2    43.    The Defendants admit that Jack Newell Jr. and Mr. and Mrs. Kruger met

3    with FHNV to discuss complaints by one or more residents at the park.    The

4    Defendants deny that Mr. or Mrs. Kruger reacted with hostility. The Defendants admit

5    that they denied discriminating based on familial status.  The Defendants are without

6    sufficient information as to the remaining allegations in paragraph 43 of the complaint

7    and on that basis deny said allegations.

8    44.    The Defendants admit that Mr. and Mrs. Kruger attended meetings

9    where FHNV discussed one or more fair housing laws.  The Defendants deny

10    engaging in discriminatory housing practices based on familial status at any time. The

11    Defendants are without sufficient information as to the remaining allegations in

12    paragraph 44 of the complaint and on that basis deny said allegations.

13    45.    The Defendants admit that Mr. and Mrs. Kruger attended meetings

14    where FHNV discussed one or more fair housing laws.  The Defendants deny

15    engaging in discriminatory housing practices based on familial status at any time.  The

16    Defendants are without sufficient information as to the remaining allegations in

17    paragraph 45 of the complaint and on that basis deny said allegations.

18    46.    The Defendants admit that Mr. and Mrs. Kruger attended meetings

19    where FHNV discussed one or more fair housing laws.  The Defendants deny

20    engaging in discriminatory housing practices based on familial status at any time. The

21    Defendants deny that Mr. or Mrs. Kruger were hostile at those meetings.  While the

22    Krugers were managers the Defendants had new and superior playground equipment

23    installed at the park.  The Defendants are without sufficient information as to the

24    remaining allegations in paragraph 46 of the complaint and on that basis deny said

25    allegations.

26    47.    The Defendants admit that one or more of the Defendants had meetings

27

28

ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR
TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS        Case No. C 07 2818

and/or telephone conversations with FHNV regarding one or more fair housing laws. The Defendants deny engaging in discriminatory housing practices based on familial status at any time. The Defendants are without sufficient information as to the remaining allegations in paragraph 47 of the complaint, including the extent of any assistance FHNV may have provided to the Plaintiffs, and on that basis deny said allegations.

## V. INJURIES

48.    The Defendants deny the allegations in paragraph 48 of the Plaintiffs' complaint. The Defendants specifically deny that they have violated the federal Fair Housing Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

49.    The Defendants deny the allegations in paragraph 49 of the Plaintiffs' complaint, or that the Plaintiffs are entitled to compensatory damages. The Defendants specifically deny that they have violated the federal Fair Housing Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

50.    The Defendants deny the allegations in paragraph 50 of the Plaintiffs' complaint, or that the Plaintiffs are entitled to punitive damages. The Defendants specifically deny that they have violated the federal Fair Housing Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

51.    The Defendants deny the allegations in paragraph 51 of the Plaintiffs' complaint, or that the Plaintiffs are entitled to declaratory relief. The Defendants specifically deny that they have violated the federal Fair Housing Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

52.     The Defendants deny the allegations in paragraph 52 of the Plaintiffs' complaint, or that the Plaintiffs are entitled to injunctive relief.  The Defendants specifically deny that they have violated the federal Fair Housing Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

## VI.  CLAIMS

53.     The Defendants re-allege paragraphs 1 through 52 of their answer as if set forth herein.

54.     The Defendants deny the allegations in paragraph 54 of the Plaintiffs' complaint.  The Defendants specifically deny that they have violated the federal Fair Housing Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

55.     The Defendants re-allege paragraphs 1 through 52 of their answer as if set forth herein.

56.     The Defendants deny the allegations in paragraph 56 of the Plaintiffs' complaint.  The Defendants specifically deny that they have violated the California Fair Employment and Housing Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

57.     The Defendants re-allege paragraphs 1 through 52 of their answer as if set forth herein.

58.     The Defendants deny the allegations in paragraph 58 of the Plaintiffs' complaint.  The Defendants specifically deny that they have violated the Unruh Civil Rights Act, unlawfully discriminated against families with children, or injured the Plaintiffs as alleged in the complaint.

59.     The Defendants re-allege paragraphs 1 through 52 of their answer as if set forth herein.

1    60.    The Defendants deny the allegations in paragraph 60 of the Plaintiffs'

2    complaint. The Defendants specifically deny that they have engaged in unfair business

3    practices, unlawfully discriminated against families with children, or injured the

4    Plaintiffs as alleged in the complaint.

5    61.    The Defendants deny the allegations in paragraph 61 of the Plaintiffs'

6    complaint, including the allegation that Plaintiffs are bringing this action on behalf of

7    the general public.

8    62.    The Defendants re-allege paragraphs 1 through 52 of their answer as if

9    set forth herein.

10    63.    The Defendants are without sufficient information with respect to the

11    allegations in paragraph 63 of the complaint, and on that basis deny said allegation.

12    64.    The Defendants specifically deny that they have breached the implied

13    covenant of quite enjoyment, unlawfully discriminated against families with children,

14    or injured the Plaintiffs as alleged in the complaint.  The Defendants are without

15    sufficient information with respect to the remaining allegations in paragraph 64 of the

16    complaint, and on that basis deny said allegations.

17    65.    The Defendants deny the allegations in paragraph 65 of the Plaintiffs'

18    complaint.

19    66.    The Defendants deny the allegations in paragraph 66 of the Plaintiffs'

20    complaint.

21    67.    The Defendants deny the allegations in paragraph 67 of the Plaintiffs'

22    complaint.

23    68.    The Defendants re-allege paragraphs 1 through 52 of their answer as if

24    set forth herein.

25    69.    The Defendants deny the allegations in paragraph 69 of the Plaintiffs'

26    complaint. The Defendants specifically deny that Mr. and Mrs. Kruger have harassed

27

28

1    one or more of the Plaintiffs, unlawfully discriminated against families with children,

2    or injured the Plaintiffs as alleged in the complaint.

3         70.    The Defendants deny the allegations in paragraph 70 of the Plaintiffs'

4    complaint.

5         71.    The Defendants deny the allegations in paragraph 71 of the Plaintiffs'

6    complaint.

7         72.    The Defendants deny the allegations in paragraph 72 of the Plaintiffs'

8    complaint.

9         73.    The Defendants re-allege paragraphs 1 through 52 of their answer as if

10   set forth herein.

11        74.    The Defendants deny the allegations in paragraph 74 of the Plaintiffs'

12   complaint.  The Defendants specifically deny that they have negligently operated the

13   park, unlawfully discriminated against families with children, or injured the Plaintiffs

14   as alleged in the complaint.

15        75.    The Defendants re-allege paragraphs 1 through 52 of their answer as if

16   set forth herein.

17        76.    The Defendants deny the allegations in paragraph 76 of the Plaintiffs'

18   complaint.  The Defendants specifically deny that Mr. Kruger wrongfully entered the

19   Hayes mobilehome, unlawfully discriminated against families with children, or injured

20   the Hayes family as alleged in the complaint.

21        77.    The Defendants deny the allegations in paragraph 77 of the Plaintiffs'

22   complaint.

23        78.    The Defendants re-allege paragraphs 1 through 52 of their answer as if

24   set forth herein.

25        79.    The Defendants deny the allegations in paragraph 79 of the Plaintiffs'

26   complaint.  The Defendants specifically deny that Mr. Kruger has trespassed or

27

28

1    wrongfully entered the Hayes mobilehome, unlawfully discriminated against families

2    with children, or injured the Hayes family as alleged in the complaint.

3        80.    The Defendants deny the allegations in paragraph 80 of the Plaintiffs'

4    complaint.

5        81.    The Defendants deny each and every material allegation in the complaint

6    not specifically admitted.

7                    VII.  <u>AFFIRMATIVE DEFENSES</u>

8        The Answering Defendants set forth the following affirmative defenses to the

9    complaint on file herein, including the first, second, third, fourth, fifth, sixth, seventh,

10   eighth and ninth causes of action stated therein.

11       82.    As a first separate and distinct affirmative defense to the complaint on

12   file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth

13   causes of action stated therein, the answering Defendants allege that the complaint

14   fails to state a claim upon which relief may be granted, because among other things,

15   it is apparent from paragraph 17 of the complaint that the rules the Plaintiffs are

16   complaining about apply equally to families with children at the park, as well as

17   children that are guests of adult only households at the park.

18       83.    As a second separate and distinct affirmative defense to the complaint

19   on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and

20   ninth causes of action stated therein, the answering Defendants allege that the

21   complaint is barred by the applicable statute of limitations, including 42 U.S.C.

22   Sections 3610, 3612 and 3613 and California Code of Civil Procedure Sections

23   337(1), 338(a), 339(1), 340(a) and 343.

24       84.    As a third separate and distinct affirmative defense to the complaint on

25   file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth

26   causes of action stated therein, the answering Defendants allege that the complaint is

27

28

1   uncertain, in that it does not adequately describe the conduct of Defendants for which

2   relief is requested.

3       85.    As a fourth separate and distinct affirmative defense to the complaint on

4   file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth

5   causes of action stated therein, the answering Defendants allege that the federal Fair

6   Housing Act does not require the Defendants to treat persons 17 years of age and

7   under the same as persons 18 years of age and older.  To the contrary, many federal,

8   state and local laws discriminate based on age for numerous reasons, including (a) the

9   common belief that juveniles as a class are in need of supervision, (b) the need to

10  shield minors from their own lack of judgment and experience, and ( c) the need to

11  protect them from predators, including child molesters.  Accordingly, provided the

12  Defendants do not impose an absolute bar prohibiting families with children from

13  residing at the park, the Defendants may adopt rules and regulations based on age that

14  are reasonably or rationally related to the services performed and/or the facilities

15  provided.

16      86.    As a fifth separate and distinct affirmative defense to the complaint on

17  file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth

18  causes of action stated therein, the answering Defendants allege that the California

19  Fair Employment and Housing Act does not require the Defendants to treat persons

20  17 years of age and under the same as persons 18 years of age and older.  To the

21  contrary, many federal, state and local laws discriminate based on age for numerous

22  reasons, including (a) the common belief that juveniles as a class are in need of

23  supervision, (b) the need to shield minors from their own lack of judgment and

24  experience, and ( c) the need to protect them from predators, including child molesters.

25  Accordingly, provided the Defendants do not impose an absolute bar prohibiting

26  families with children from residing at the park, the Defendants may adopt rules and

27

28

1    regulations based on age that are reasonably or rationally related to the services

2    performed and/or the facilities provided.

3         87.    As a sixth separate and distinct affirmative defense to the complaint on

4    file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth

5    causes of action stated therein, the answering Defendants allege that the Unruh Civil

6    Rights Act does not require the Defendants to treat persons 17 years of age and under

7    the same as persons 18 years of age and older.  To the contrary, many federal, state and

8    local laws discriminate based on age for numerous reasons, including (a) the common

9    belief that juveniles as a class are in need of supervision, (b) the need to shield minors

10   from their own lack of judgment and experience, and ( c) the need to protect them

11   from predators, including child molesters.  Accordingly, provided the Defendants do

12   not impose an absolute bar prohibiting families with children from residing at the park,

13   the Defendants may adopt rules and regulations based on age that are reasonably or

14   rationally related to the services performed and/or the facilities provided.

15        88.    As a seventh separate and distinct affirmative defense to the complaint

16   on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and

17   ninth causes of action stated therein, the answering Defendants allege that Business

18   and Professions Code Section 17200 does not require the Defendants to treat persons

19   17 years of age and under the same as persons 18 years of age and older.  To the

20   contrary, many federal, state and local laws discriminate based on age for numerous

21   reasons, including (a) the common belief that juveniles as a class are in need of

22   supervision, (b) the need to shield minors from their own lack of judgment and

23   experience, and ( c) the need to protect them from predators, including child molesters.

24   Accordingly, provided the Defendants do not impose an absolute bar prohibiting

25   families with children from residing at the park, the Defendants may adopt rules and

26   regulations based on age that are reasonably or rationally related to the services

27

28

ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR
TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS        Case No. C 07 2818

1    performed and/or the facilities provided.

2         89.    As an eighth separate and distinct affirmative defense to the complaint

3    on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and

4    ninth causes of action stated therein, the answering Defendants allege that the Implied

5    Covenant of Good Faith and Fair Dealing does not require the Defendants to treat

6    persons 17 years of age and under the same as persons 18 years of age and older.  To

7    the contrary, many federal, state and local laws discriminate based on age for

8    numerous reasons, including (a) the common belief that juveniles as a class are in need

9    of supervision, (b) the need to shield minors from their own lack of judgment and

10   experience, and ( c) the need to protect them from predators, including child molesters.

11   Accordingly, provided the Defendants do not impose an absolute bar prohibiting

12   families with children from residing at the park, the Defendants may adopt rules and

13   regulations based on age that are reasonably or rationally related to the services

14   performed and/or the facilities provided.

15        90.    As a ninth separate and distinct affirmative defense to the complaint on

16   file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth

17   causes of action stated therein, the answering Defendants allege that the laws against

18   harassment do not require the Defendants to treat persons 17 years of age and under

19   the same as persons 18 years of age and older.  To the contrary, many federal, state and

20   local laws discriminate based on age for numerous reasons, including (a) the common

21   belief that juveniles as a class are in need of supervision, (b) the need to shield minors

22   from their own lack of judgment and experience, and ( c) the need to protect them

23   from predators, including child molesters.  Accordingly, provided the Defendants do

24   not impose an absolute bar prohibiting families with children from residing at the park,

25   the Defendants may adopt rules and regulations based on age that are reasonably or

26   rationally related to the services performed and/or the facilities provided.

27

28

91.    As a tenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the laws regarding negligence do not require the Defendants to treat persons 17 years of age and under the same as persons 18 years of age and older.  To the contrary, many federal, state and local laws discriminate based on age for numerous reasons, including (a) the common belief that juveniles as a class are in need of supervision, (b) the need to shield minors from their own lack of judgment and experience, and ( c) the need to protect them from predators, including child molesters.  Accordingly, provided the Defendants do not impose an absolute bar prohibiting families with children from residing at the park, the Defendants may adopt rules and regulations based on age that are reasonably or rationally related to the services performed and/or the facilities provided.

92.    As an eleventh separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that Martin Kruger did not unlawfully enter the Hayes mobilehome, but was invited into the mobilehome.

93.    As a twelfth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that Martin Kruger did not trespass onto the Hayes property, but was invited into the mobilehome.

94.    As a thirteenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that the Hayes Plaintiffs did not consent to each of the park rules set forth in their complaint, so each of those rules were not applicable to the Hayes tenancy.

95.    As a fourteenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that the Leon Plaintiffs did not consent to each of the park rules set forth in their complaint, so each of those rules were not applicable to the Leon tenancy.

96.    As a fifteenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that the each of the rules set forth in the complaint were not enforced with respect to the Hayes tenancy.

97.    As a sixteenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that the each of the rules set forth in the complaint were not enforced with respect to the Leon tenancy.

98.    As an seventeenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that the Plaintiffs failed to mitigate their damages, if any.

99.    As an eighteenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that the Plaintiffs are responsible in whole or in part for their damages, if any.

100.    As a nineteenth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that the Plaintiff's damages, if any, were caused by persons other than the Defendants.

1    101.  As a twentieth separate and distinct affirmative defense to the complaint

2    on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and

3    ninth causes of action stated therein, the answering Defendants allege that the

4    Plaintiffs may not seek equitable relief, because the Plaintiffs do not have clean hands

5    with respect to their residency at the park, as the adults did not properly supervise the

6    children at the park and the children did not behave properly at the park.

7    102.  As a twenty first separate and distinct affirmative defense to the

8    complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh,

9    eighth and ninth causes of action stated therein, the answering Defendants allege that

10   the approximately 50 of the approximately 136 spaces at the park are occupied by

11   families with children, while all 136 spaces have at least one adult.  Because adults

12   and children do not always agree on what is proper behavior at the swimming pool,

13   the Defendants contend it was reasonable to reserve the pool for persons 18 years and

14   over three hours per day, from 9:00 a.m. until noon.

15   103.  As a twenty second separate and distinct affirmative defense to the

16   complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh,

17   eighth and ninth causes of action stated therein, because federal, state and/or local law

18   recognize (1) that minors 17 years of age and under do not have the same judgment

19   as persons 18 years and over (2) that minors 17 years of age and under require

20   supervision and protection from themselves and from others and (3) because parents

21   and guardians can be legally responsible for personal injury and property damage

22   caused by minor children in their care and custody, the Defendants contend it is

23   reasonable to require children age 17 and under to be accompanied by an adult when

24   using the swimming pool area.

25   104.  As a twenty third separate and distinct affirmative defense to the

26   complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh,

27

28

eighth and ninth causes of action stated therein, because federal, state and/or local law recognize (1) that minors 17 years of age and under do not have the same judgment as persons 18 years and over (2) that minors 17 years of age and under require supervision and protection from themselves and from others and (3) because parents and guardians can be legally responsible for personal injury and property damage caused by minor children in their care and custody, the Defendants contend it is reasonable to require children age 17 and under to be accompanied by an adult when using any common area facility of the park.

105.   As a twenty fourth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, because hundreds of jurisdictions across the United States, including the County of Napa, impose night time curfews on minors age 17 and under, the answering Defendants allege that it is reasonable for them to impose night time curfews on minors age 17 and under.

106.   As a twenty fifth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that because the rules against throwing balls or similar objects in the park apply equally to all persons at the park, including all persons age 18 and over, they are not in violation of any law prohibiting discrimination based on familial status.

107.   As a twenty sixth separate and distinct affirmative defense to the complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action stated therein, the answering Defendants allege that because any rules restricting skateboarding, bicycle riding, roller skating and ball playing apply equally to all persons at the park, including all persons age 18 and over, they are not in violation of any law prohibiting discrimination based on familial status.

1    108.    As a twenty seventh separate and distinct affirmative defense to the

2    complaint on file herein, and to the first, second, third, fourth, fifth, sixth, seventh,

3    eighth and ninth causes of action stated therein, the answering Defendants allege that

4    the rules the Plaintiffs are complaining do not constitute discrimination against

5    families with children, because those rules apply equally to families with children at

6    the park, as well as children that are guests of "adult only" households at the park.

7    WHEREFORE, the Defendants pray for judgment as follows:

8    1.    That Plaintiffs take nothing by way of their complaint;

9    2.    For reasonable attorneys, including reasonable attorneys fees pursuant

10    to their rental agreements with Sigrid Hayes, Rafael Leon and/or Sara Leon;

11    3.    For costs of this suit;

12    4.    For such other relief as the Court deems proper and just.

13

14    Dated: July 26, 2007                    Respectfully submitted,

15

16                                           s/Anthony C. Rodriguez
                                             Anthony C. Rodriguez
17                                           Attorney for Defendants

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF INTERESTED PERSONS OR ENTITIES

Pursuant to Civil LR 3-16, the undersigned certifies that the following listed persons, firms, partnerships, corporations or other entities may have (1) a financial interest in the subject matter in controversy or in a party to the proceedings, or (2) a non financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. The Mary B. Wiley Living Trust          Possible ownership interest in park

2. Hugh E. McMahon Trust                   Possible ownership interest in park

3. David J. McCarroll Testamentary Trust   Possible ownership interest in park

4. Sunday Coony-Moylan                     Possible ownership interest in park

5. Summer Peyton                           Possible ownership interest in park

6. Frank Koblas                            Trustee and possible ownership interest in park

7. Mary B. Wiley                           Trustee and possible ownership interest in park

8. Hugh E. McMahon                         Trustee and possible ownership interest in park

Dated: July 26, 2007          Respectfully submitted,


s/Anthony C. Rodriguez
Anthony C. Rodriguez
Attorney for Defendants

1                                                  Case No.  C-07-2818 SBA

2

3                          PROOF OF SERVICE BY MAILING

4          I declare I am employed in the County of Alameda, California.  I am over the
    age of 18 years and I am not a party to the within cause.  My business address is 1425
5   Leimert Boulevard, Suite 101, Oakland, California  94602.

6          On July 26, 2007 I served the following document:

7          1.      ANSWER TO COMPLAINT FOR MONETARY,
                   DECLARATORY AND INJUNCTIVE RELIEF;
8                  DEMAND FOR TRIAL BY JURY; CERTIFICATION
                   OF INTERESTED PARTIES OR PERSONS
9

10         on the following by placing a true copy thereof enclosed in a sealed envelope
    with postage thereon fully paid, in the United States mail at Oakland, California,
11  addressed as follows:

12                         Liza Cristol-Deman
                           Brancart & Brancart
13                         Post Office Box 686
                           Pescadero, California 94060
14
           I declare under penalty of perjury that the foregoing is true and correct.
15  Executed on July 26, 2007 at Oakland, California.

16

17                                 s/ Anthony C. Rodriguez
                                   Anthony C. Rodriguez
18

19

20

21

22

23

24

25

26

27

28
    ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR
    TRIAL BY JURY; CERTIFICATION OF INTERESTED PARTIES OR PERSONS          Case No. C 07 2818
                                       - 26 -