BRANCART & BRANCART
    Christopher Brancart (SBN 128475)
    Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:  (650) 879-1103
cbrancart@brancart.com
lcristoldeman@brancart.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGRID HAYES; et al., | Case No. CV 07-2818 SBA |
| Plaintiffs, | JOINT CASE MANAGEMENT STATEMENT |
| vs. | |
| JACK H. NEWELL, JR., in his capacity as Trustee of the BERNICE NEWELL TRUST and the JACK H. NEWELL, SR. AND BERNICE NEWELL TRUST, doing business as Salvador Mobile Estates; et al., | **Case Management Conference:** Date: None Set |
| Defendants. | |

Pursuant to Local Rule 16-9 and the standing order for all judges of the Northern District of California, the parties in this action hereby submit their joint case management statement.

1. **Jurisdiction and Service:**

The parties agree that this Court has federal question jurisdiction over plaintiffs' claims under the federal Fair Housing Act, 42. U.S.C. section 3601 *et seq.*, and supplemental jurisdiction over plaintiffs' state law claims. There are no special issues with respect to venue or personal jurisdiction. All parties have been served and have appeared.

2. **Facts:**

**Plaintiffs' Allegations:** This is a fair housing case. Plaintiffs are current residents of the Salvador Mobile Estates, a mobile home park located in Napa, California. Plaintiff Sigrid Hayes has three minor children. Plaintiffs Rafael Leon Flores and Sara Leon, a married couple, have three

JOINT CASE MANAGEMENT STATEMENT; CASE NO. CV 07-2818 SBA

1

minor children. All children are plaintiffs in this action, represented by their guardians ad litem.

The plaintiffs brought this complaint seeking monetary, declaratory and injunctive relief to address discrimination based on familial status at the Salvador Mobile Estates. They allege that defendants have limited the activities of families with children because of their familial status, created or maintained a hostile environment for families with children, and have made statements indicating a limitation on families with children because of their familial status, among other things.

Several rules governing tenants and their guests at the Salvador Mobile Estates ("the Park") are facially discriminatory, including rules forbidding minors from using the swimming pool at certain hours every day. Defendants Martin Kruger and Katherine Kruger, who were resident managers of the Salvador Mobile Estates until approximately April 2007, applied overly restrictive rules – some in writing and some not – to children residing in the Park. The Krugers told children that they could not ride bikes or skate anywhere in the Park, could not play with balls in the Park, and could not play in the open, grassy spaces in the Park. The Krugers yelled at and intimidated children playing outside at the Park and threatened to call the police if the children did not leave common areas. The Krugers took photographs of the Leons' children playing in common areas. Defendants then retaliated against the Leon family when Mrs. Leon questioned Park policies and practices. The Krugers also entered the home of Sigrid Hayes without her consent, apparently in an attempt to track down and identify a child who previously had been seen misbehaving.

The plaintiffs complained about the discrimination to Greater Napa Valley Fair Housing Center (hereafter, "the FHC"). The FHC provided fair housing training to the owners and managers of the Park and attempted to conciliate the plaintiffs' complaints, but the discrimination against families with children continued. In December 2006, the plaintiffs filed complaints with the California Department of Fair Employment and Housing ("DFEH"). Plaintiffs voluntarily withdrew those complaints after they filed the instant action, and before the DFEH had completed its investigation.

**Defendants allegations**: Of the 136 spaces at the park, approximately 50 (37%) are occupied by families with children. Because many families have more than one child, it is estimated that there are at least 100 children residing at the park at this time. The Parkowners have never

rejected an applicant based on familial status, and have never evicted anyone because of their familial status. In recent years, the parkowners have increased services aimed at children, including constructing a new and larger play structure adjacent to the clubhouse and installing vending machines with candy, chips and soft drinks in the clubhouse. However, the park does not contain a ball field.

Although the Defendants readily accept families with children, the park contains many narrow and unsupervised streets and has no sidewalks. In addition, management does not provide full time supervision of the swimming pool, the clubhouse and common area kitchen, or the play structure area. At least one convicted child molester lives at the park, along with numerous people with substance abuse problems, or a history of violence. However, under California law, the Defendants must accept such people as tenants and may only evict them for certain specified reasons. Cal. Civ. Code ¶¶'s 798.56 and 798.74(a). Gang members, most of whom are themselves minors, have also been known to frequent the property.

The park rules and regulations that are apparently at issue in this case specifically state that the park is a "family park" and that "all common areas are for the use and enjoyment of all park residents." Although the park's rules treat "children" different than adults in certain situations, those rules do not discriminate on the basis of "familial status." To the contrary, as evidenced from the face of the Plaintiffs' complaint, any distinctions between "adults" and "children" apply equally to children living in the park and children visiting the park. Thus, just as a three year old child of a resident cannot use the swimming pool without adult supervision, neither can a three year old child that is visiting a resident that lives alone.

The Defendants deny trespassing on the Plaintiffs' property, or retaliating against the Plaintiffs because of their familial status. Rather, it would appear that any dispute between the Plaintiffs and management has to do with the conduct of the adult Plaintiffs, who sometimes drink to excess, who became angry when their illegally parked car was towed, or who have had significant problems protecting and controlling their children.

3.   **Legal Issues:**

Plaintiffs contend that defendants:

a. committed discriminatory housing practices by expressing to renters or any other person a preference for, limitation on, or discrimination against any renter because of familial status, in violation of 42 U.S.C. § 3604(c); <u>Fair Housing Congress v. Weber</u>, 993 F.Supp. 1286 (C.D. Cal. 1998) (striking down apartment rules that single out children as facially discriminatory).

b. committed discriminatory housing practices by imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling, because of familial status, in violation of 42 U.S.C. § 3604 (b); <u>see also</u> 24 C.F.R. § 100.65(b)(4); <u>Fair Housing Congress v. Weber</u>, 993 F.Supp. 1286 (striking down rules under section 3604(b)); <u>US v. M. Wesland Co.</u>, Fair Housing - Fair Lending ¶ 15,941 (C.D. cal. 1994) (holding that mobile home park rules restricting use of common areas by children violated the Fair Housing Act).

c. Harassed or created a hostile environment for tenants with children because of their familial status, in violation of 42 U.S.C. § 3604(b) and 3617; <u>see also</u> <u>Williams v. Poretsky</u>, 955 F. Supp. 490 (D.Md. 1996) (finding that hostile environment harassment is actionable under the Fair Housing Act);

d. Intimidated, threatened, or interfered with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617;

e. violated the substantially equivalent provisions of the California Fair Employment and Housing Act, Government Code § 12955 *et seq.*;

f. violated the Unruh Act, Civil Code § 51 *et seq.*, by committing discriminatory housing practices at the Salvador Mobile Estates, a business establishment;

g. violated the Unfair Competition Law, Business & Professions Code section 17200 et seq.,

h. breached the covenant of quiet use and enjoyment;

I. harassed plaintiffs;

|   |   |   |
|---|---|---|
| 1 | j. | trespassed and wrongfully entered the home of plaintiff Sigrid Hayes and her three minor children; and, |
| 3 | k. | were negligent. |

Plaintiffs also contend that they were injured by these policies and practices.

**Defendants contend:**

The Federal Fair Housing Act does not prohibit unequal treatment of adults and children. The Federal Fair Housing Act only prohibits discrimination based on "familial status." 42 USC § 3604.

In Roper v. Simmons, 543 U.S. 551 (2005) the United States Supreme Court recently recognized that there is an inherent and rational basis for treating children differently than adults. The Supreme Court discussed three primary factors contributing to the need to distinguish between children and adults, writing as follows:

> "First, as any parent knows, and as the scientific and sociological studies . . . tend to confirm, '[a] lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young. *These qualities often result in impetuous and ill-considered actions and decisions.*' . . . *It has been noted that 'adolescents are over represented statistically in virtually every category of reckless behavior.'* . . . In recognition of the comparative immaturity and irresponsibility of juveniles, almost every State prohibits those under 18 years of age from voting, serving on juries, or marrying without parental consent. . . .The second area of difference is that juveniles are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure . . . . *'Youth is more than a chronological fact.* It is a time and condition of life when a person may be most susceptible to influence and to psychological damage. . . . The third broad difference is that the character of a juvenile is not as well formed as that as an adult. The personality traits of juveniles are more transitory, less fixed." (Emphasis added).

The United States Supreme Court is not the only court to recognize inherent differences between adults and children. For example, in Christian v. Goodwin, 188 Cal. App. 2d 650, 652 (1961), the Court found that a "reasonable person" standard could not be applied to determine whether a juvenile had been negligent, because the standard of care had to be determined based on the "age, experience and intelligence" of the minor in question. In fact, in Ellis v. D'Angelo, 116 Cal. App. 2d 310, 316 (1953), the Court found that a child under five years of age could not be found negligent as a matter of law, because such children are incapable of appreciating the consequences of their actions.

**JOINT CASE MANAGEMENT STATEMENT; CASE NO. CV 07-2818 SBA**

The judiciary is not the only branch of government that has recognized the need to treat adults and children differently. To the contrary, "[a]ge-based distinctions often appear in statutory programs. Congress, as well as the federal and state legislatures, has permitted various age distinctions." Pizarro v. Lamb's Players Theater (2006) 135 Cal. App. 4th 1171, 1175 (2006). Some of the age based classifications aimed at children that are particularly relevant in this case are set forth below:

Persons under 18 years of age may not "make a contract relating to real property or any interest therein." Cal. Fam. Code, § 6701(b);

Persons under 18 years of age must wear a helmet when using a bicycle, scooter, skateboard or roller blades. Cal. Veh. Code § 21212(a);

Persons under 14 year of age are "prohibited" from using a spa in a mobilehome park without supervision. Cal. Code of Regulations, Title 24 § 31B;

Persons under 14 years of age "should not" use a swimming pool in a mobilehome park without adult supervision. Cal. Code of Regulations, Title 22 § 65539c;

Persons under 18 years of age may not "wander, stroll or play" in public streets, park or places after 11:00 p.m., unless accompanied by parent, guardian or other adult person having care and custody of the minor. Napa County Ordinance 9.08.010;

No person, regardless of age, may skateboard on any street within the city limits. Oakland Municipal Code, § 10.16.160 and San Francisco Traffic Code § 100.

In this case, the Plaintiffs' incorrectly allege that the term "familial status" in the Federal Fair Housing Act is synonymous with the term "children." Under Plaintiffs' interpretation of the law, landlords would not only be required to rent property to children of all ages, the Defendants in this case would be required to allow children of all ages to use each of the park's facilities pursuant to the same terms as adults, including the swimming pool and the stove in the clubhouse kitchen area. Moreover, under the Plaintiffs' interpretation of the law, each of the above listed laws could not be enforced in any mobilehome park in California, because those laws would impermissibly conflict with federal law.

4. **Motions:**

There are no motions pending, and no motions have been brought to date. Plaintiffs anticipate a motion for partial summary judgment regarding certain rules at the Salvador Mobile Estates. Plaintiffs contend that these rules violate the Fair Housing Act and the Fair Employment and Housing Act as a matter of law. Defendants will file a motion for summary adjudication regarding the rules at the park, and one or more other causes of action. Defendants are also considering a motion to bifurcate between the claims regarding the park's rules and regulations and the other claims.

**5. Amendment of Pleadings:**

As stated in plaintiffs' complaint, plaintiffs believe there may be additional trustees of the named defendant-trusts, as well as other unnamed trusts, that have an ownership interest in the Salvador Mobile Estates. (See Complaint for Monetary, Declaratory, and Injunctive Relief [document 1], ¶¶ 9-10.) Plaintiffs have served interrogatories seeking the identities of all entities or individuals who have an ownership interest in the Salvador Mobile Estates, including trustees, and will amend the complaint if necessary to add these parties. The parties propose a deadline of December 31, 2007 to amend the pleadings.

**6. Evidence Preservation:**

Plaintiffs and Defendants are aware of the duty to preserve all documents and things relevant to the facts alleged in this case.

**7. Disclosures:**

The parties have agreed to serve their initial disclosures on September 10, 2007, the date set forth in the initial case management order.

**8. Discovery:**

Plaintiff Sigrid Hayes served one set of interrogatories and one set of requests for production of documents on each defendant on August 24, 2007. Plaintiffs also noticed the deposition of defendant Katherine Kruger for early October.

If the case does not reach an early resolution, plaintiffs plan to take depositions of defendant Martin Kruger, at least one of the defendants who owns the Park, and a 30(b)(6) deposition on topics including record-keeping, policies, and rules. Plaintiffs will also serve a request for admissions in

JOINT CASE MANAGEMENT STATEMENT; CASE NO. CV 07-2818 SBA

an attempt to narrow the disputed issues and reach agreement on a joint statement of facts for the parties' cross-motions for summary judgment.

The Defendants contend that the case should be bifurcated, with legality of the rules and regulations determined first. Defendants also contend that discovery should be bifurcated, because discovery related to the other issues may become moot if the rules and regulations are found to be legal.

The Defendants have not commenced discovery as of this time and contend that most of Plaintiffs' discovery was premature, because it was served prior to completion of the Rule 26(f) conference. The conference was completed on September 4, 2007, and the parties have agreed that the discovery need not be re-propounded. The Defendants intend to propound interrogatories, document requests and requests for admissions. Once that discovery is complete, the Defendants intend to depose each of the Plaintiffs, several Napa County Housing officials and one or more witnesses to the disputes between the on site managers and the adult Plaintiffs.

The parties do not propose any modifications to the rules governing the maximum number of discovery requests and depositions at this time. The parties reserve their rights to enter into stipulations to exceed those limits or request such relief from the Court, as the case develops.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

None.

**11. Relief:**

Plaintiffs seek compensatory damages, statutory damages under the Unruh Act, punitive damages, injunctive relief, and declaratory relief. Plaintiffs' compensatory damages are based on their emotional distress and attendant bodily injuries, such as sleep loss and stomach aches. Defendants contend that any compensatory damages must be limited to the value of the alleged loss of use of the premises resulting from the alleged discriminatory conduct.

**12. Settlement and ADR:**

Both sides have expressed interest in conducting early settlement negotiations. Plaintiffs

have agreed to send defendants a settlement demand. Plaintiffs intend to send the demand within the next 30 to 45 days. The parties request a referral to mediation. Neither side believes that discovery is essential to position the parties to negotiate a resolution.

**13. Consent to Magistrate Judge for All Purposes:**

This case was originally assigned to Magistrate Judge Bernard Zimmerman for all purposes. Plaintiffs filed a notice declining that assignment, and the Clerk of the Court reassigned the case to this Court.

**14. Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

As stated above, the parties anticipate that the issues in this case may be narrowed through cross-motions for summary judgment. The Defendants seek bifurcation with respect to the legality of the park's rules and regulations.

**16. Expedited Schedule:**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling:**

Plaintiffs request that the Court issue a scheduling order with all litigation dates and a trial date, as proposed below, and oppose any proposal to bifurcate the litigation. Defendants contend that the Plaintiffs' scheduling proposal is premature, because the case should be bifurcated, with the legality of the rules and regulations addressed first, either on stipulated facts, cross motions for summary adjudication or by court trial. If the case is not bifurcated, the parties agree to the following proposal regarding scheduling:

| Event | Date |
|---|---|
| Expert designation | June 27, 2008 |
| Rebuttal expert designation | July 31, 2008 |
| Non expert Discovery Cut Off | July 18, 2008 |

| Expert Discovery Cut Off | August 22, 2008 |
|---|---|
| Hearing of Dispositive Motions | Tuesday, September 9, 2008 |
| Pretrial Conference | Tuesday, October 14, 2008 |
| Trial | November 2008 |

**18. Trial:**

Both sides have requested a jury trial. The parties anticipate that the trial will last four to seven days.

**19. Disclosure of Non-party Interested Entities or Persons.**

All parties have filed the certification of interested entities. The following disclosures were made in plaintiffs' certification:

"Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

The following disclosures were made in defendants' certification:

"Pursuant to Civil LR 3-16, the undersigned certifies that the following listed persons, firms, partnerships, corporations or other entities may have (1) a financial interest in the subject matter in controversy or in a party to the proceedings, or (2) a non financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. The Mary B. Wiley Living Trust      Possible ownership interest in park
2. Hugh E. McMahon Trust               Possible ownership interest in park
3. David J. McCarroll Testamentary Trust   Possible ownership interest in park
4. Sunday Coony-Moylan                 Possible ownership interest in park
5. Summer Peyton                       Possible ownership interest in park
6. Frank Koblas                        Trustee and possible ownership interest in park
7. Mary B. Wiley                       Trustee and possible ownership interest in park
8. Hugh E. McMahon                     Trustee and possible ownership interest in park."

///

///

///

JOINT CASE MANAGEMENT STATEMENT; CASE NO. CV 07-2818 SBA

**20. Other:**

Not applicable.

**Plaintiffs' counsel attests that this document is acceptable to all parties whose names appear below.**

Respectfully submitted,

BRANCART & BRANCART

Dated: Sept. 7, 2007   .

/s/ Liza Cristol-Deman
Liza Cristol-Deman
Attorneys for Plaintiffs

LAW OFFICE OF ANTHONY C. RODRIGUEZ

Dated: Sept. 7, 2007   .

s/Anthony C. Rodriguez
Anthony C. Rodriguez
Attorney for Defendants

JOINT CASE MANAGEMENT STATEMENT; CASE NO. CV 07-2818 SBA